RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/5/14

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CEDRIC LAMONT DEAN** | **DOCKET NO. 13-CV-2808; SEC. P** |
| **VERSUS** | **JUDGE** TRIMBLE |
| **K. ASK-CARLSON** | **MAGISTRATE JUDGE KIRK** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is the pro se habeas corpus petition of Cedric Lamont Dean, filed pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the United States Bureau of Prisons, presently incarcerated at the United States Penitentiary in Pollock, Louisiana. He complains about an internal memo that was placed in his "Central File," and asks the memo be removed from his file. He also seeks a restraining order against future retaliation.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that Petitioner's claim be dismissed.

*Allegations*

Petitioner alleges that the SIS Department at FCI 2 Butner placed an internal memorandum in the "SIS database" to circumvent the Bureau of Prisons policy that prohibits any references to prohibited acts unsupported by disciplinary action from being

placed in an inmate's Central File. Petitioner alleges that the memo has resulted in a change in his custodial classification and prison job. He also complains that the memo was written in retaliation for his communication with the media.

### Law and Analysis

Dean's claims are presented in a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. A petition for writ of habeas corpus is the proper procedural vehicle for challenging the <u>fact</u> or <u>duration</u> of confinement. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). In this petition, Dean alleges a deprivation of due process, changes in his classification and job/housing assignment, and retaliation. He does not allege that he is entitled to a speedier release from custody nor does he seek the restoration of good time credits. A *civil rights / Bivens action* is the proper remedy for a prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. See <u>Preiser</u>, 411 U.S. at 499. Thus, Petitioner's claim should have been filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,</u>[1] in a court of proper jurisdiction and venue for <u>Bivens</u> claims, which is governed by 28

---

[1] In <u>Bivens,</u> 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. §1983.

2

U.S.C. § 1391(b).[2]

Therefore, **IT IS RECOMMENDED** that the habeas petition be **DISMISSED** for failure to state a claim for which habeas relief can be granted.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS**

---

[2] (b) Venue in general.--A civil action may be brought in--
(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 5th day of February, 2014.

                                                JAMES D. KIRK
                                                UNITED STATES MAGISTRATE JUDGE

4